THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Thonal Edwards, Appellant.
 
 
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No.   2009-UP-595
 Submitted December 1,2009  Filed December
15, 2009

AFFIRMED

 
 
 
 Appellate Defender Elizabeth Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Thonal Edwards appeals his convictions
 for two counts of armed robbery.  On
 appeal, he argues the trial court erred in denying his motion for directed
 verdict.  We affirm.
Substantial
 circumstantial evidence proves Edwards participated in the armed robbery under
 an accomplice liability theory: Edwards' accomplice stated he robbed the two
 victims, and Edwards admitted he was present for both robberies and directly
 participated in the first robbery by approaching victim one and warning him to
 not move.  Additionally, victim one identified Edwards as one of the people who
 robbed him and police also discovered a magazine clip in Edwards' possession
 matching the handgun used by Edwards' accomplice during the robbery. 
 Accordingly, the trial court correctly denied Edwards' motion for directed
 verdict.  See State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d
 641, 648 (2006) ("If there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 the appellate court must find the case was properly submitted to the jury.").   

AFFIRMED.[1]
HUFF,
 GEATHERS, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.